IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Plaintiff-Respondent, | § | |
| | § | |
| V. | § | CRIMINAL ACTION NO. H-00-27-02 |
| | § | CIVIL ACTION  NO. H-05-3708 |
| CAROLYN WATSON-McKINNEY, | § | |
| | § | |
| Defendant-Movant. | § | |

## MEMORANDUM AND RECOMMENDATION GRANTING
## UNITED STATES' MOTION TO DISMISS AND FOR SUMMARY JUDGMENT

Before the Magistrate Judge in this proceeding under 28 U.S.C. § 2255, is the United States' Motion to Dismiss and for Summary Judgment (Document No. 79), and Movant Carolyn Watson-McKinney's 28 U.S.C. § 2255 Motion and Amended Motion to Vacate, Set Aside or Correct Sentence ( Document Nos. 77 & 80).  Having reviewed the § 2255 Motion and Amended Motion to Vacate, Set Aside or Correct Sentence, the United States' Motion to Dismiss and for Summary Judgment, the claim Movant raises in this proceeding, the record of the proceedings before the District Court in the underlying criminal case, Movant's failure to file a direct appeal, and the applicable law, the Magistrate Judge RECOMMENDS, for the reasons set forth below, that the United States' Motion to Dismiss and for Summary Judgment be GRANTED, that Movant Watson-McKinney's § 2255 Motion and Amended Motion to Vacate, Set Aside or Correct Sentence be DENIED, and that this § 2255 proceeding be DISMISSED with prejudice.

I.      **Procedural History**

On January 18, 2000, McKinney was charged by Indictment, along with one co-defendant, with one count of conspiracy to commit health care fraud, and fourteen counts of health care fraud. (Document No. 1).  On May 30, 2000, McKinney pled to count eight pursuant to a written Plea Agreement.  (Document Nos. 36 & 37).  A presentence investigation report was then prepared, to which McKinney stated that she had no objections.  (Document Nos. 40 & 45).  On October 27, 2000, the Court sentenced McKinney to 21 months confinement, to be followed by a three year term of supervised release.  The Court did not impose a fine, but did order that McKinney make restitution in the amount of $124,000.  (Document No. 58).   Judgment was entered on November 2, 2000. (Document No. 59).  McKinney did not appeal.

Following the service of her 21 month term of imprisonment, McKinney was released on supervised release.  Thereafter, on July 1, 2005, the Probation Office filed a "Petition for Warrant or Summons for Offender under Supervision", charging therein that McKinney had violated terms of her supervised release.  (Document No. 69).  Following a revocation hearing held on July 22, 2005, at which McKinney pled true to the two alleged violations of her supervised release, McKinney's supervised release was revoked and she was ordered to serve a four month term of imprisonment, to be followed by a thirty-two month term of supervised release. (Document No. 74). Judgment was entered on that revocation on July 28, 2005.  (Document No. 76).  Again, McKinney did not appeal.  Instead, on or about October 28, 2005, she filed a § 2255 Motion to Vacate, Set Aside or Correct Sentence, in which she challenged the additional term of supervised release that was imposed by the Court upon the revocation of her initial term of supervised release.  (Document No. 77).  The Government has filed a Motion to Dismiss and for Summary Judgment (Document No.

2

79).  On the same date that the Government's motion was filed, McKinney filed an Amended § 2255 Motion to Vacate, Set Aside or Correct Sentence (Document No. 80).  That amended motion contains the same challenge to the District Court's authority to impose an additional term of supervised release.  This § 2255 proceeding is now ripe for ruling.

## II.      Issue Presented

McKinney raises one claim in this § 2255 proceeding – that the District Court had no authority to impose an additional term of supervised release.  The Government argues in its Motion to Dismiss that McKinney has procedurally defaulted on this claim because she did not raise it in a direct appeal despite being advised by the Court that she had the right to appeal.  In addition, the Government argues that the additional term of supervised release imposed by the Court is specifically provided for by statute, and therefore McKinney's claim fails on the merits.

## III.     Discussion

McKinney's claim that the Curt had no authority to impose an additional the term of supervised release is procedurally barred from review herein because McKinney did not raise that challenge in a direct appeal.  When claims of constitutional or jurisdictional import are not raised on direct appeal, the claims are procedurally defaulted, and can only be considered in a § 2255 proceeding if a movant can show cause for his failure to raise his claims on appeal, and actual prejudice resulting from the alleged errors.  *United States v. Placente*, 81 F.3d 555, 558 (5th Cir. 1996) ("[A] defendant who raises a constitutional or jurisdictional issue for the first time on collateral review must show both cause for his procedural default and actual prejudice due to any

such errors."); *United States v. Gaudet*, 81 F.3d 585, 589 (5th Cir. 1996) ("When raising issues of jurisdictional or constitutional magnitude for the first time on collateral review, a defendant ordinarily must show both cause for his procedural default and actual prejudice resulting from the error."); *United States v. Acklen*, 47 F.3d 739, 741-42 (5th Cir. 1995) ("Because a challenge under section 2255 'may not do service for an appeal,' a movant may not raise constitutional or jurisdictional issues for the first time on collateral review without establishing both 'cause' for his procedural default and 'actual prejudice' resulting from the error."); *United States v. Shaid*, 937 F.2d 228, 232 (5th Cir. 1991) ("A defendant can challenge his conviction after it is presumed final only on issues of constitutional or jurisdictional magnitude . . . and may not raise an issue for the first time on collateral review without showing both 'cause' for his procedural default, and 'actual prejudice' resulting from the error."), *cert. denied*, 502 U.S. 1076 (1992). Alternatively, procedurally defaulted claims can be considered for the first time in a § 2255 proceeding if the movant can show that he is actually innocent. *Bousley v. United States*, 523 U.S. 614, 622 (1998) ("Where a defendant has procedurally defaulted a claim by failing to raise it on direct review, the claim may be raised in habeas only of the defendant can first demonstrate either 'cause' and actual 'prejudice' . . . or that he is 'actually innocent.'").

Here, McKinney has not made the showing required to overcome the procedural bar. While McKinney asserts as cause for her failure to file an appeal her lack of knowledge that she could file a direct appeal, the record shows that McKinney was given written notice of her right to appeal. (Document No. 75). In addition, given McKinney's plea of true to the two alleged violations of her supervised release, and given that she had made no argument herein that she was innocent of those violations, there has been no showing that a miscarriage of justice would ensue of McKinney's claim

4

were not considered on the merits.  Thus, McKinney's claim, which was not raised in direct appeal as it should have been, is procedurally barred from review in this § 2255 proceeding.

Moreover, even if McKinney's claim were not procedurally barred from review, McKinney would be entitled to no relief on the merits of her claim.  The Court's authority to impose an additional term of supervised release is specifically provided for in 18 U.S.C.  § 3583(h), which states:

> When a term of supervised release is revoked and the defendant is required to serve a term of imprisonment, the court may include a requirement that the defendant be placed on a term of supervised release after imprisonment. The length of such a term of supervised release shall not exceed the term of supervised release authorized by statute for the offense that resulted in the original term of supervised release, less any term of imprisonment that was imposed upon revocation of supervised release.

*See also United States v. Ferguson*, 369 F.3d 847, 850-51 (5th Cir. 2004) ("When a defendant violates a condition of his supervised release, a court may choose to (1) impose the maximum sentence of incarceration allowed under § 3583(e)(3); (2) order home detention "as an alternative to incarceration" under § 3583(e)(4); or (3) order an incarceration term less than the maximum allowable term and reimpose a term of supervised release under § 3583(h).").  Here, the thirty-two month term of supervised release imposed by the Court did not exceed the 36 month term of supervised release that was authorized for an offense of health care fraud,[1] less the four month term of imprisonment that was also imposed upon the revocation of McKinney's supervised release.  18 U.S.C. § 3583(h).   Thus, the Court had the authority to impose an additional term of supervised

---

[1] Health care fraud carries a statutory maximum sentence of ten years imprisonment. 18 U.S.C. § 1347.  That maximum term of imprisonment makes a health care fraud offense a Class C felony, *see* 18 U.S.C. § 3559(a)(3), which carries a term of supervised release of "not more than three years."  18 U.S.C. § 3583(b)(2).

release, and the authority to impose 32 month term of supervised release. *See Ferguson,* 369 F.3d at 850-51. McKinney's claim fails on the merits.

## IV.     Conclusion and Recommendation

Based on the foregoing and the conclusion that McKinney's claim is procedurally barred from review and that no relief is available to McKinney on the claim in any event, the Magistrate Judge

RECOMMENDS that the Government's Motion to Dismiss and for Summary Judgment (Document No. 79) be GRANTED, that Movant Carolyn Joyce Watson-McKinney's § 2255 Motion and Amended Motion to Vacate, Set Aside or Correct Sentence (Document Nos. 77 & 80) be DENIED, and that this § 2255 proceeding be DISMISSED WITH PREJUDICE.

The Clerk shall file this instrument and provide a copy to all counsel and unrepresented parties of record. Within 10 days after being served with a copy, any party may file written objections pursuant to 28 U.S.C. § 636(b)(1)(C), FED. R. CIV. P. 72(b), and General Order 80-5, S.D. Texas. Failure to file objections within such period shall bar an aggrieved party from attacking factual findings on appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Ware v. King*, 694 F.2d 89 (5th Cir. 1982), *cert. denied*, 461 U.S. 930 (1983); *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982) (en banc). Moreover, absent plain error, failure to file objections within the ten day period bars an

aggrieved party from attacking conclusions of law on appeal. *Douglass v. United Services Automobile Association,* 79 F.3d 1415, 1429 (5th Cir. 1996).  The original of any written objections shall be filed with the United States District Clerk, P.O. Box 61010, Houston, Texas 77208.

Signed at Houston, Texas, this 7th day of September, 2006.

Frances H. Stacy
United States Magistrate Judge